**OAO CORPORATION, Appellant,**

v.

**Roger W. JOHNSON, Administrator, General Services Administration, Appellee,**

and

**Computer Data Systems, Inc., Intervenor.**

**Roger W. JOHNSON, Administrator, General Services Administration, Appellant,**

v.

**OAO CORPORATION, Appellee.**

**Nos. 94–1106, 94–1130 and 94–1170.**

United States Court of Appeals, Federal Circuit.

Feb. 17, 1995.

---

Douglas L. Patin, Spriggs & Hollingsworth, Washington, DC, argued, for appellant. With him on the brief was Stuart C. Nash, Kilcullen, Wilson & Kilcullen, Washington, DC.

Lauren S. Moore, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued, for appellee. With her on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Anthony H. Anikeeff, Asst. Director.

Charles B. Machion, Atty., Computer Data Systems, Inc., Rockville, MD, represented the intervenor.

Before NIES, PLAGER, and RADER, Circuit Judges.

RADER, Circuit Judge.

OAO Corporation appeals two decisions of the General Services Administration Board of Contract Appeals (Board). OAO first appeals the Board's denial of its reverse protest challenging the General Services Administration's (GSA) termination of its contract. *OAO Corp. v. General Servs. Admin,.* No. 12484–P, 94–1 B.C.A. (CCH) ¶ 26,392, 1993 WL 360295 (1993) (*OAO I* ). Because the Board lacked jurisdiction over OAO's reverse protest, this court vacates the Board's decision on the merits and remands with instructions to dismiss.

OAO also appeals the Board's dismissal of its second protest as untimely. *OAO Corp. v. General Servs. Admin.,* No. 12718–P, 94–2 B.C.A. (CCH) ¶ 26,662, 1994 WL 30886 (1994) (*OAO II* ). Because OAO untimely filed its second protest, we affirm.

## BACKGROUND

GSA awarded Contract No. GS–04K–93–BFD0808 (the Central Zone contract) for computer services to OAO on June 1, 1993. Disappointed bidders filed a protest of the award with the Board, asserting that GSA mishandled the pricing negotiations in violation of the Competition in Contracting Act of 1984, Pub.L. No. 98–369, tit. VII, §§ 2701–2907, 98 Stat. 1175 (codified as amended in scattered sections of 10, 31, 40, and 41 U.S.C.).

The protestors also contested OAO's eligibility for the contract award. The bid solicitation required that the bidder have its proposed Program Manager and other senior contract personnel available for assignment on the award date of the contract. The protestors alleged that OAO was ineligible because it had violated this "Key Personnel" requirement. OAO intervened in support of the award.

On June 25, 1993, GSA terminated OAO's contract under the "Termination for Convenience of the Government" clause. Three days later, GSA and the protestors filed a Joint Stipulation of Dismissal with the Board in which GSA stipulated to its mishandling of the bidding process. OAO objected to the Stipulation. The Board entered the Stipulation and dismissed the disappointed bidders' protests, as the protestors and GSA requested. *Computer Data Sys., Inc. v. General Servs. Admin.,* Nos. 12455–P, 12461–P, 1993 WL 242332, 1993 G.S.B.C.A. LEXIS 317 (June 30, 1993).

OAO then filed a reverse protest with the Board challenging GSA's termination of its contract. OAO brought the protest under the Brooks Act. 40 U.S.C. § 759 (1988 & Supp. V 1993).

GSA moved to dismiss OAO's reverse protest for lack of subject matter jurisdiction. On September 3, 1993, the Board held that it had jurisdiction under the Brooks Act. *OAO I,* 94–1 B.C.A. (CCH) at 131,295–96. The Board then affirmed the termination of OAO's contract. *Id.* at 131,298. The Board concluded that OAO misled GSA about the availability of key personnel and did not comply with the solicitation provisions. *Id.*

OAO now appeals the Board's decision regarding its reverse protest on the merits. GSA appeals the Board's finding of jurisdiction.

On October 14, 1993, the contracting officer (CO) informed OAO that it was "nonresponsible" based on its lack of integrity and ethics. The CO also barred OAO from further competition for award of the Central Zone contract when the procurement reopened. OAO asked the CO to reconsider her determination. On October 29, 1993, the CO denied OAO's request for reconsideration. OAO did not protest the CO's initial decision or her denial of OAO's request for reconsideration.

On November 12, 1993, GSA issued Amendment 8 to the Central Zone solicitation. Amendment 8 included changes in pricing and personnel requirements. Based on these changes, OAO sought re-entry into the competition for the Central Zone con-

tract. On December 21, 1993, the CO denied OAO's request for re-entry. OAO protested the CO's denial to the Board on December 30, 1993. In this second protest, OAO argued that Amendment 8 substantially changed key requirements of the original solicitation, as well as the criteria on which the Board had deemed OAO non-responsive.

On January 28, 1994, the Board dismissed this second protest as untimely. *OAO II,* 94–2 B.C.A. (CCH) at 132,647. The Board noted that OAO's inability to bid stemmed from the CO's earlier finding of non-responsibility. *Id.* at 132,648–49. The Board then concluded that, under its timeliness rules, OAO should have protested within ten days of the CO's October 14 responsibility decision, or, at the latest, within ten days of the CO's October 29 denial of reconsideration. *Id.* at 132,648 n. 2. OAO now appeals.

## DISCUSSION

■ OAO brought this appeal under section 759(f)(6) of the Brooks Act. 40 U.S.C. § 759(f)(6). This court reviews the Board's decisions in Brooks Act cases on questions of law *de novo.* 40 U.S.C. § 759(f)(6)(A) (incorporating by reference 41 U.S.C. § 609(b), setting forth the standard of review under the Contract Disputes Act of 1978, Pub.L. No. 95–563, 92 Stat. 2383 (1978) (codified as amended at 41 U.S.C. §§ 601–613 (1988 & Supp. V 1993) and in scattered sections of 5 and 28 U.S.C.)); *Fruin–Colnon Corp. v. United States,* 912 F.2d 1426, 1429 (Fed.Cir.1990). Because the Brooks Act waives sovereign immunity in granting the Board protest jurisdiction, this court strictly construes the statute. *Electronic Data Sys. Fed. Corp. v. General Servs. Admin. Bd. of Contract Appeals,* 792 F.2d 1569, 1580 (Fed. Cir.1986).

### I.

The Brooks Act vests in GSA authority to procure automated data processing equipment (ADPE) for federal agencies. 40 U.S.C. § 759(a). In 1984, Congress enacted the Competition in Contracting Act, amending the Brooks Act to grant the Board authority to hear protests regarding the procurement of ADPE resources. Competition in Contracting Act of 1984, Pub.L. No. 98–369, § 2713, 98 Stat. 1175, 1182 (codified as amended at 40 U.S.C. § 759(f)); *see Electronic Data Sys.,* 792 F.2d at 1578. Motivated by the complexity and growing number of computer procurements, Congress sought a forum in addition to the General Accounting Office for contract dispute resolution. *See* H.R.Rep. No. 1157, 98th Cong., 2d Sess. 26 (1984). The Board provides a forum for interested parties to protest GSA's conduct in relation to the procurement of ADPE resources. 40 U.S.C. § 759(f)(1).

■ OAO filed a reverse protest with the Board challenging GSA's termination of its contract. A "reverse protest" is a challenge by the contract awardee to an agency's termination of the contract for improprieties in the award process. *See OAO I,* 94–1 B.C.A. (CCH) at 131,295. This case presents the question of whether reverse protests fall within the Board's jurisdiction.

Section 759(f)(1) sets forth the jurisdictional basis for Brooks Act protests before the Board: "[A]n interested party in connection with any procurement which is subject to this [Act] ..." may file a protest. 40 U.S.C. § 759(f)(1). "If the protest falls within that jurisdictional provision, [the Board] then 'shall review any decision by a [CO] alleged to violate a statute or regulation.'" *Electronic Data Sys.,* 792 F.2d at 1578 (quoting 40 U.S.C. § 759(h)(1) (Supp. II 1984), now codified at 40 U.S.C. § 759(f)(1)). Thus, to contest before the Board an agency's activities under the Brooks Act, a contesting party must be an "interested party" and file a "protest" as defined by statute.

Section 759(f)(9)(A) of the Brooks Act defined a "protest" as

> a written objection by an interested party to a solicitation by a Federal agency for bids or proposals for a proposed contact for the procurement of property or services or a written objection to a proposed award or the award of such a contract.

40 U.S.C. § 759(f)(9)(A). This section limits "protests" under the Brooks Act to objections founded on improprieties by the agency in the bid solicitation, or objections to the

proposed or actual award of a contract. The Board's jurisdiction to hear "protests" embraces only objections to the procurement process or the contract award itself.

■ OAO did not file a protest within the terms of the Brooks Act. OAO did not challenge the procurement process employed by GSA, nor did it object to GSA's award of the contract. After all, OAO won the contract. Instead, OAO seeks verification of GSA's procurement process and affirmation of its contract award, and challenges the termination of its contract. Without a challenge to the procurement process or the award, the complaint falls outside the scope of jurisdictional authority conferred by section 759(f)(1) of the Brooks Act.

■ As this court has observed, the Board "does not sit to settle the rights of a terminated contractor vis-a-vis the government, a matter not ... within its protest jurisdiction. Such matters must be resolved in the traditional forums for their resolution." *United States v. Amdahl Corp.*, 786 F.2d 387, 395 (Fed.Cir.1986). Specifically, a terminated contractor seeking redress must proceed under the Contract Disputes Act. *See* 41 U.S.C. § 605(a).

In sum, OAO did not protest either the bid process or the contract award. Thus, OAO did not file a protest under the Brooks Act. Instead OAO challenges the contract termination, for which the Brooks Act did not provide jurisdiction.

After the Board decided to assert jurisdiction over OAO's reverse protest, and after OAO appealed to this court, Congress amended the definition of "protest" under section 759(f)(9) of the Brooks Act:

The term 'protest' means a written objection by an interested party to any of the following:

(i) A solicitation or other request by a Federal agency for offers for a contract for the procurement of property or services.

(ii) The cancellation of such a solicitation or other request.

(iii) An award or proposed award of such a contract.

(iv) A termination or cancellation of an award of such contract, if the written ob-

jection contains an allegation that the termination or cancellation is based in whole or in part on improprieties concerning the award of the contract.

Federal Acquisition Streamlining Act of 1994, Pub.L. No. 103–355, § 1438, 108 Stat. 3243, 3294 (FASA). Subparagraph (iv) expands the definition of "protest" to encompass objections to cancellation of contract awards. This change, however, only serves to highlight that the Brooks Act did not provide jurisdiction for reverse protests at the time OAO filed its action.

■ OAO cannot rely on the amended definition to support jurisdiction here. In the absence of statutory direction, this court avoids retroactive application of legislative changes. *See Ralden Partnership v. United States*, 891 F.2d 1575, 1578 (Fed.Cir.1989). "[C]ongressional enactments ... will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988). The plain language of the FASA dictates that the amended definition of "protest" has only prospective effect. Section 10001 of the FASA, entitled "Effective Date and Applicability," provides that amendments made by the FASA shall take effect on the date provided in the final regulations implementing those amendments, or on October 1, 1995, whichever is earlier. FASA, § 10001(b)(3), 108 Stat. at 3404–05; *see* H.R.Conf.Rep. No. 712, 103d Cong., 2d Sess. 239 (1994) U.S.Code Cong. & Admin.News 1994, pp. 2607, 2669. Rule 1 of the Board's rules of procedure, which defines "protest" under the Brooks Act, has not yet been revised to reflect the FASA amendment. *See* 58 Fed.Reg. 69,250 (to be codified 48 C.F.R. § 6101.1(b)(12); formerly at 48 C.F.R. § 6101.1(b)(10) (1993)). Therefore, even today, the FASA definition of "protest" does not apply to OAO's action. Under the Board's current rules, the Board still lacks jurisdiction to entertain OAO's complaint. The Board's jurisdiction under the Brooks Act provides redress for improper procurement practices by an agency. An attempt to seek affirmation of the procurement process or the award is not a "protest" as currently

defined by the Brooks Act. The Board's authority to hear complaints under the Brooks Act does not extend to hearing OAO's request for reinstatement.

In sum, OAO's reverse protest does not fall within the Board's current jurisdiction under section 759(f)(1) of the Brooks Act. Therefore, this court vacates the Board's decision and remands with instructions to dismiss for lack of jurisdiction.

## II.

The Board's rules provide that a protest based on anything other than improprieties in a solicitation shall be filed no later than ten days after the basis of the protest is known or should have been known, whichever is earlier. 48 C.F.R. § 6101.5(b)(3)(ii), (iii) (1993). Thus, a party contesting a CO's non-responsibility determination has ten days from actual, or constructive, notice of the determination to file a protest with the Board.

On October 14, 1993, the CO deemed OAO non-responsible based on a lack of integrity and ethics. The CO informed OAO of its ineligibility to compete in the Central Zone solicitation a second time on October 29, when she denied OAO's request for reconsideration. Amendment 8 then issued on November 21, 1993. After receiving a copy of Amendment 8, OAO again requested reconsideration of the CO's initial responsibility determination. The CO refused this second reconsideration request on December 21. OAO then protested this second refusal to the Board on December 30. The Board dismissed OAO's protest as untimely because OAO filed it more than ten days after learning of the CO's October 14 responsibility determination and October 29 refusal to reconsider.

■ A party may obtain reexamination of its responsibility status when ample time exists and a material change occurs in a principal factor on which the responsibility determination rests. *See Matter of Bernard Johnson Inc.*, 93–1 C.P.D. (CCH) ¶ 476, 6 (1993); *Matter of CFE Servs., Inc.*, Nos. B–212077.3, B–212077.4, 84–2 C.P.D. (CCH) ¶ 459, 4 (1984). Only if Amendment 8 mate-

rially changed the basis for the CO's initial responsibility determination can OAO assert a new ground of protest, giving rise to a new ten-day period.

■ The CO based her determination of non-responsibility on OAO's lack of integrity and ethics. Amendment 8 did not materially change the required standards for integrity and ethics applied to potential awardees of the Central Zone contract. Rather, Amendment 8 set minimum wage rates for each employee category and permitted the submission of new cost proposals. Amendment 8 also permitted offerors to submit replacement resumes for key personnel who were no longer proposed for the contract. The CO was not required to reevaluate OAO's responsibility status based upon Amendment 8. Thus, the CO's second refusal to reconsider her responsibility determination did not trigger a new protest period.

■ The protest period lapsed, at the latest, ten days after the CO's October 29 refusal to reconsider—long before OAO's December 30 filing. Had OAO filed a timely protest, OAO could have obtained a hearing before the Board on this issue. Because the Board properly determined that OAO untimely filed its second protest, this court affirms the Board's dismissal.

## CONCLUSION

Because the Board exceeded its statutory jurisdiction, this court vacates the Board's decision on the merits in *OAO I* and remands with instructions to dismiss for lack of jurisdiction. Because OAO untimely filed its second protest, this court affirms the Board's dismissal in *OAO II*.

## COSTS

Each party shall bear its own costs.

VACATED–IN–PART, AFFIRMED–IN–PART, AND REMANDED.